UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:18-CV-16-CHB-EBA

CHRISTOPHER FIELDS,                                                                PLAINTIFF,

V.                                **MEMORANDUM OPINION AND ORDER**

STANLEY ACCESS TECHNOLOGIES, LLC,
*and* KROGER LIMITED PARTNERSHIP I,                                      DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Christopher Fields' Motion to Compel Discovery Responses from Defendant Kroger Limited Partnership I. [R. 50 (Motion to Compel); R. 55 (Response); R. 56 (Reply)]. All discovery disputes have been referred to the undersigned for a decision pursuant to 28 U.S.C. § 636(b)(1)(A). [R. 29]. Accordingly, having considered the matter fully, and being otherwise sufficiently advised, IT IS ORDERED that Plaintiff's Motion to Compel [R. 50] is DENIED.

**I.**

The discovery at issue in this motion concerns Plaintiff's First Set of Interrogatories and Requests for Production of Documents served on May 15, 2018 [R. 23 (Notice of Service); R. 55-1 (Discovery Requests)].[1] Defendant's responses were then provided to Plaintiff on June 12, 2018 [R. 24 (Notice of Service); R. 55-2 (Discovery Responses)].

---

[1] Though Plaintiff makes references to "Requests for Admissions" in his Notice of Service filed on May 16, 2018 [R. 23] and in this subject motion [R. 50], none have been provided for the Court to review. In its Response [R. 55], the Defendant clarified that no such discovery requests have been served "to date" [*Id.*, n.2]. Nonetheless, should these requests exist (though it appears they do not, or at least were never served on the Defendant), the present absence does not alter the Court's position on this issue. Furthermore, Plaintiff makes references to "Exhibit A" and "Exhibit B" in his motion [R. 50], pertaining to the requests and responses that lay at the heart of this dispute, yet these attachments are noticeably absent. The Defendant, however, has provided these documents as attachments to its Response. *See* R. 55-1; R. 55-2.

1

Prior to filing the motion, on December 17, 2018, Plaintiff sought leave for an extension of sixty (60) days for which to file expert reports. [R. 43]. Because this motion was filed on the date Plaintiff's reports were due, and since no good cause was shown to justify an extension that would impact pending deadlines, the motion was denied.

According to the Scheduling Order entered April 3, 2018, the Court set October 15, 2018, as the deadline for completing fact discovery. [R. 17, ¶ (f)]. Yet, on January 15, 2019—roughly two weeks after the Court denied Plaintiff's motion for an extension of time—Plaintiff now argues that Defendant failed to adequately respond to his May 15, 2018 discovery requests. [R. 50]. Primarily, Plaintiff faults the Defendant on three grounds, namely for providing: (1) objections without answers [*Id.* at 2]; (2) answers requiring supplementation [*Id.* at 17]; and (3) insufficient answers [*Id.* at 21].

On January 16, 2019, the Court convened a telephone conference to discuss the possibility of setting this matter for a settlement conference. [R. 49 (Order); R. 52 (Minute Entry Order)]. During the call, the undersigned briefly addressed this pending motion and directed the parties to file briefs for the Court to review. This matter is ready for ruling, following Plaintiff's Reply [R. 56] to Defendant's Response to the motion to compel [R. 55].

**II.**

Fed. R. Civ. P. 26(b)(1) provides that—unless otherwise limited—"[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This language is broadly construed to include "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The scope of discovery, however, is not without limitation. It is "well

established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) (citing *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.*, 536 F.2d 1115 (6th Cir. 1976)). As such, "[a] ruling by the trial court limiting or denying discovery will not be cause for reversal unless an abuse of discretion is shown." *Id.* (citing Fed. R. Civ. P. 26(b); *H. L. Moore Drug Exch., Inc. v. Smith, Kline and French Lab.*, 384 F.2d 97 (2d Cir. 1967)).

Where a party refuses to provide information requested by any other party, which is thought by the requesting party to be within the scope of Fed. R. Civ. P. 26(b)(1), the requesting party may move the court in which the action is pending to compel disclosure of the requested information. Fed. R. Civ. P. 37(a)(3)(B). Such a motion to compel generally may be filed where a party has failed to provide mandatory disclosure; failed to answer or admit an interrogatory or request for admission; or failed to produce discoverable information, materials, or documents—electronic or otherwise. *See generally* Fed. R. Civ. P. 37. A failure to disclose, answer or admit, or produce includes disclosures, answers or admissions, or productions that are "evasive or incomplete." Fed. R. Civ. P. 37(a)(4). Prior to so moving, however, a party seeking to compel disclosure or discovery must in good faith confer or attempt to confer with the opposing party "failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Should the court determine the matters sought to be compelled fall within the scope of Fed. R. Civ. P. 26, the motion shall be granted. Nonetheless, district courts may deny as untimely motions to compel filed after the discovery deadline has passed. *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 642-43 (6th Cir. 2018); *see also Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 Fed.Appx. 505, 508 (6th Cir. 2014) ("In general, a district court does not

abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines." (citing cases)). In fact, motions to compel filed after the discovery deadline will generally be deemed untimely. *See, e.g., Herdguard, LLC v. NXT Generation Pet, Inc.*, WL 5023327 2018, at *2 (E.D. Ky. Oct. 16, 2018); *Morris v. Zurich American Ins. Co.*, 2018 WL 1875295, at *2-3 (W.D. Ky. Apr. 19, 2018); *Appalachian Reg'l Healthcare v. U.S. Nursing Corp.*, 2017 WL 9690401, at *3-6 (E.D. Ky. Sept. 1, 2017); *Thomas v. Louisville/Jefferson Cty. Metro Gov't*, 2016 WL 4385857, at *1 (W.D. Ky. Aug. 15, 2016); *Mitchell v. Mike*, 2015 WL 8770073, at *2-3 (E.D. Ky. Dec. 14, 2015).

## III.

### A. Failure to Comply with Rules

The Defendant points out that, like the Plaintiff in *Mitchell*,[2] "this motion fails to comply with the requirements of Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1." *Mitchell*, 2015 WL 8770073, at *2; *see* R. 55 at 3-4. Specifically, Fed. R. Civ. P. 37(a)(1) states as follows:

> [A] party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P 37(a)(1). Local Rule 37.1 reiterates the importance of having counsel confer in good faith prior to the filing of "*any* dispute relating to discovery." *See* LR 37.1 (emphasis

---

[2] In *Mitchell*, this Court denied Plaintiff's motion to compel on three grounds. *Mitchell*, 2015 WL 8770073, at *2-3 (E.D. Ky. Dec. 14, 2015). First, the Court found that the Plaintiff failed to comply with both Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. *Mitchell*, 2015 WL 8770073, at *2. Citing to *Peavey v. University of Louisville*, it determined that violation of the certification provision of L.R. 37.1 is sufficient grounds of itself for denial of the motion. *Peavey*, 2010 WL 3620340, *2 (W.D. Ky. Sept. 13, 2010). Second, the Court recognized that Plaintiff's motion was filed over two months after the conclusion of fact discovery, and after two prior attempts to re-open discovery were denied. *Mitchell*, 2015 WL 8770073, at *3. Lastly, this motion was denied as moot because the defendants had already produced the requested documents. *Id*.

4

added). Also similar to the federal rule, the local rule states that "[t]he moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences. The certification must detail counsel's attempts to resolve the dispute." *Id.* Here, as required by the rules, not only did Plaintiff not attach any certification to his motion, but he also did not provide any information for the Court to determine whether counsel "in good faith conferred or attempted to confer" with the Defendant regarding the dispute. Fed. R. Civ. P. 37(a)(1).[3]

In support of this proposition, Defendant argues that it was not until December 21, 2018 that Plaintiff first reached out regarding his request for supplementation. [R. 55 at 5]. Upon reviewing the parties' email correspondence, Plaintiff's counsel's unsatisfaction with the discovery responses provided to him is certainly evident. *See* R. 54-4 at 1. In responding to his email, Defendant's counsel points to fact discovery having concluded on October 15, 2018, and notes that this far-too-late request for supplementation lacked any particularity—instead appearing to be nothing more than a "general request for more information." *Id.* at 2.

Plaintiff does not dispute his attempt to address the allegedly faulty discovery responses back in December, two months after the deadline for discovery expired. [R. 56 at 3]. However, he represents that he "was not dilatory, but acted in good faith," in believing he would be receiving supplementation, especially since the "discovery requests themselves requested supplementation." [*Id.* at 2]. By this, Plaintiff refers to the "[d]uty to supplement" provision in his original discovery requests. *See* R. 55-1 at 5, ¶ 10. In the Court's attempt to

---

[3] Assuming Plaintiff is unfamiliar with Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1, the operative Scheduling Order [R. 17] directs the parties to "attempt to resolve the [discovery] dispute with the magistrate judge by telephone," *after* having first attempted to resolve the dispute extrajudicially. *Id.* at 3. Thereafter, *should* the party remain unsatisfied with the ruling, "that party may file a written motion to compel directed to the magistrate judge." *Id.* at 4. In this case, Plaintiff has also failed to abide by the scheduling order requirements.

<mark>5</mark>

construe this argument, it appears Plaintiff is under the impression that this "duty" survives well past the discovery deadline. This belief holds truth only in that Defendant's expert report disclosure deadline has not yet passed. To this point, the Defendant is already aware of this upcoming deadline[4] and has stated its intention to supplement its answers in accordance with federal and local rules when it submits its expert disclosures. [R. 55 at 6-7].

In sum, Plaintiff's motion is deficient under Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Notably, Plaintiff's reply [R. 56] does not address his failure to comply with these rules.

### B. Untimeliness

This motion to compel is untimely. As noted earlier, the fact discovery deadline concluded on October 15, 2018. [R. 17, ¶ (e)]. Exactly four months later, on January 15, 2019, Plaintiff filed this underlying motion. Plaintiff surely perceived a need to file a motion to compel prior to the close of discovery, yet he elected to wait until the eleventh hour. Like the outcome that resulted from his earlier motion for sixty-day extension of time [*see* R. 43; R. 48], the Court fails to see any good cause justifying a ruling in his favor, especially since he cannot establish prejudice.

### IV.

Plaintiff believes he merits a ruling in his favor since discovery is "quite broad" (citing cases) and because "[t]his Court has a history of deciding cases on the merits." *See* R. 56 at 1; *Id.* at 4. Both are certainly true; however, Plaintiff's briefings have done nothing more than undermine the importance of rules and deadlines. Critically important to what makes the

---

[4] The Scheduling Order sets February 18, 2019 as Defendant's deadline to submit Rule 26(a)(2) reports from expert trial witnesses. [R. 17 at 1-2]. Other upcoming deadlines include: the April 1, 2019 deadline for expert discovery, and the May 6, 2019 deadline for filing dispositive motions.

Court able to operate smoothly within this judicial process are the procedural technicalities, which include deadlines. Consequently, for the reasons set forth above, having fully considered the matter, and being otherwise duly and sufficiently advised,

**IT IS ORDERED** that Plaintiff's Motion to Compel, [R. 50], is **HEREBY DENIED**.

This the 14th day of February, 2019.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge