UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHRISTOPHER FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:18-CV-016-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| STANLEY ACCESS TECHNOLOGIES | ) | **ORDER GRANTING MOTIONS FOR** |
| LLC et al., | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendants. | | |

*** *** *** ***

This matter is before the Court on Kroger Limited Partnership I's ("Kroger") Motion for

Summary Judgment [R. 80] and Stanley Access Technologies LLC's ("SAT" or "Stanley

Access") Motion for Summary Judgment [R. 81]. Plaintiff responded in opposition [R. 88; R.

89]. Defendants filed their replies [R. 101; R. 102]. Fully briefed, this matter is ripe for

decision. For the reasons stated below, Kroger's and SAT's Motions for Summary Judgment are

granted.

I.      **Background**

This action is brought to recover for injuries that Plaintiff Christopher Fields allegedly

sustained at a Kroger store located in Lexington, Kentucky. [R. 1-1] Fields claims that the injury

occurred when an automatic sliding door at the exit of Kroger closed on him "suddenly and

without warning . . . with enough force to cause him sudden pain and serious permanent injury."

[*Id.* at ¶¶ 12–13] The door was manufactured and installed by Stanley Access as part of a

renovation of that Kroger. [*Id.* at ¶¶ 9–10]

Fields filed his Complaint against Kroger and Stanley Access on October 25, 2017 in

Fayette Circuit Court asserting claims for negligence and strict liability. [*Id.*] Defendants

removed the action to this Court based on diversity of citizenship on January 12, 2018. [R. 1]

The fact discovery deadline passed on October 15, 2018. [R. 17]  During the discovery phase,

Plaintiff did not take any depositions of anyone from Defendant Kroger or SAT. *See* [R. 57; R.

81-1].  Plaintiff's expert witness disclosure deadline then passed on January 17, 2019 [R. 41],

and Plaintiff has not identified any expert witness to testify regarding the alleged automatic door

malfunction. *See* [R. 57 p. 1; R. 81-1 p. 2].

## II.    Summary Judgment Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  When determining a motion for summary judgment, a court must construe the evidence

and draw all reasonable inferences from the underlying facts in favor of the nonmoving party.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Lindsay v.

Yates,* 578 F.3d 407, 414 (6th Cir. 2009).  The court may not "weigh the evidence and determine

the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 265 (1986).  When, as here, the defendant moves for summary judgment, "[t]he mere

existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there

must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.  The

initial burden of establishing no genuine dispute of material fact rests with the moving party.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Court "need consider only the cited

materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).  If the

moving party satisfies this burden, the burden then shifts to the nonmoving party to produce

"specific facts" showing a "genuine issue" for trial. *Id.* at 324.  Where "a party fails to properly

support an assertion of fact or fails to properly address another party's assertion of fact," the Court may treat that fact as undisputed. Fed. R. Civ. P. 56(e).

A fact is "material" if the underlying substantive law identifies the fact as critical. *Anderson*, 477 U.S. at 248. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249.

### III.   Discussion

#### A.      Defendants' Motions for Summary Judgment are ripe for review.

Plaintiff first contends that Defendants' Motions for Summary Judgment are premature because the parties have not participated in a settlement conference as contemplated in a prior Order from this Court. *See* [R. 70]. At the time of that Order, a settlement conference was scheduled with Magistrate Judge Atkins. [*Id.*] Accordingly, the Court denied Defendants' Motions without prejudice "with leave to refile following the resolution of the settlement conference." [*Id.*] Subsequently, though, the parties filed a **joint** notice of intent to privately mediate and requested the Court relieve them of their obligation to attend the settlement conference with Magistrate Judge Atkins. [R. 74] The Court granted the request and cancelled the settlement conference with Magistrate Judge Atkins. [R. 75] Although that Order did not specifically amend the language regarding when Defendants could refile their Motions for Summary Judgment, the Court's intent was for the parties to engage in formal, good faith settlement discussions before the Court would consider the issues raised in the Defendants' Motions. The parties have complied with this purpose by participating in private mediation.

Because the parties were unable to settle their dispute during private mediation, the Defendants refiled their Motions for Summary Judgment for the Court's consideration. The Court is fully satisfied that the parties complied with the spirit of its prior Orders and that these Motions are now ripe for review.

### B. Plaintiff lacks evidence of causation for his negligence claims against Kroger and Stanley Access.

Plaintiff asserts that both Kroger and Stanley Access were negligent in relation to the automatic doors, causing Plaintiff's injuries. [R. 1-1] Under Kentucky law, a negligence claim requires the plaintiff to establish that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached its duty, and (3) this breach proximately caused the plaintiff's damages.[1] *Burgett v. Troy-Bilt LLC*, 970 F. Supp. 2d 676, 685 (E.D. Ky. 2013) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992)). Defendants argue that they should be granted summary judgment because Plaintiff has failed to provide evidence of the cause of the accident. [R. 57 pp. 4–5; R. 81-1 p. 10] Plaintiff responds that causation is an issue for the jury—citing an unpublished Western District of Kentucky case for the proposition that "[i]f the jury determines that [a defendant] did breach its duty of care, it will be up to the jury to decide if the breach was a substantial factor in causing [the plaintiff's] injuries." *Shetler v. ALDI, Inc.*, No. 3:10-CV-778-JHM, 2012 WL 3264937, at *4 (W.D. Ky. Aug. 9, 2012).

Expert testimony is generally required to establish causation for "that which requires scientific or specialized knowledge and which cannot be determined intelligently from testimony on the basis of ordinary knowledge gained in the ordinary affairs of life." *Com., Dep't. of Highways v. Robbins,* 421 S.W.2d 820, 824 (Ky. 1967). The "technical nature of an automatic

---

[1] In Kentucky, causation and injury are merged into a single element: "consequent injury." *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88–89 (Ky. 2003).

door is beyond the understanding of a lay juror." *Snider v. Wal-Mart Stores, Inc.*, No. 1:14-CV-097-GNS-HBB, 2016 WL 319878, at *4 (W.D. Ky. Jan. 26, 2016). In some instances, "a sufficient quantum" of circumstantial evidence may establish causation without the aid of expert evidence. *Holbrook v. Rose,* 458 S.W.2d 155, 157 (Ky. 1970) (internal citations omitted). However, the circumstantial evidence must "tilt the balance from 'possibility' to 'probability.'" *See id.* at 158 (applying this rule in a strict liability context); *Burgett*, 970 F. Supp. 2d at 687 (applying this rule in a negligence context).

Here, Plaintiff failed to designate an expert witness, and the time to do so has passed. *See* [R. 41]. Instead, Plaintiff relies on circumstantial evidence which includes (1) his own medical records, and (2) a service report from a different incident on the Kroger premises involving a different door. [R. 88; R. 89] First, Plaintiff's medical records relay Plaintiff's statements that his injuries began after, and as a result of, his encounter with the sliding doors. [R. 88-4; R. 89-4] His medical records also indicate that he sought treatment for shoulder and back pain. [*Id.*] Although these records may provide evidence of the "injury" prong of negligence, they do not make it 'probable' that the automatic door malfunctioned, causing Plaintiff's claimed injuries. *See Templeton v. Wal-Mart Stores East, LP*, No. 08-169-GFVT, 2011 WL 4591937, at *4 (E.D. Ky. Sept. 30, 2011) (finding that evidence of an injury alone could not demonstrate causation in the absence of expert testimony); *Burgett*, 970 F. Supp. 2d at 687.

Second, Plaintiff references a service report obtained in discovery indicating that an automatic door allegedly closed on a customer at the same Kroger location nearly three weeks prior to Plaintiff's accident. [R. 88 p. 5; R. 89 p. 5] The repairs on this door (which was a **different** door than the door that allegedly injured Plaintiff) included replacing the "inner motion sensor" and performing an "AAADM inspection." [*Id.*] Plaintiff argues that this "similar event"

put Kroger on notice of the problems with the "clearly malfunctioning" doors. [*Id.*] However, this scant circumstantial evidence cannot lead a reasonable jury to find *how* or *why* the automatic door at issue here malfunctioned, causing Plaintiff's injuries. At trial, the jury would have to weigh a number of potential causes. For example, was the "inner motion sensor" on these doors in a failed condition, incapable of detecting Plaintiff's presence? Did the renovations at this Kroger location somehow impact the motorized components of these doors? Was Plaintiff negligent by not paying attention to where he was walking? To eliminate this universe of alternative causes, the jury would have to answer tricky electrical, engineering, and mechanical questions—which are far beyond the ken of ordinary persons. *Burgett*, 970 F. Supp. 2d at 683 (citing *Templeton*, 2011 WL 4591937, at *4); *Snider v. Wal-Mart Stores, Inc.*, No. 1:14-CV-097-GNS-HBB, 2016 WL 319878, at *4 (W.D. Ky. Jan. 26, 2016).

Thus, Plaintiff's assertion that causation is a jury issue is misled. His cited authority, *Shetler v. ALDI, Inc.*, does not dictate a different finding. No. 3:10-CV-778–JHM, 2012 WL 3264937, at *1 (W.D. Ky. Aug. 9, 2012). In that case, the plaintiff was exiting an ALDI store when the automatic door began to swing close, striking the plaintiff and causing injuries. *Id.* The automatic doors were triggered by a motion sensor which detects a person or object moving towards the door and causes the door to open and close automatically. *Id.* The plaintiff presented expert opinion that one defendant—the primary servicer of the automatic door—owed a duty to the plaintiff and identified multiple acts forming a breach of that duty. *Id.* at *3–*4. Based on the expert report and other lay testimony, the Court found that there was a genuine issue of material fact as to whether the servicer breached its duty of care. *Id.* at *3. It was this context that prompted the Court to add that "[i]f the jury determines that [the servicer] did breach its duty of care, it will be up to the jury to decide if the breach was a substantial factor in causing [the

plaintiff's] injuries." *Id.* at \*4.  Importantly, though (and more relevant to the facts here), the Court also concluded that the plaintiff's circumstantial evidence against another defendant—the manufacturer of the motion sensor—would not lead a jury to conclude that the sensor was defectively designed and was a 'probable' cause of the plaintiff's injuries. *Id.* at \*6.  Even with expert testimony listing three possible causes of the door's motion sensor failure, the plaintiff could not eliminate "all other reasonable explanations" for the door's defect. *Id.*  The expert's opinion established "no more than possibilities or combinations of possibilities." *Id.* (quoting *Texas v. Standard*, 536 S.W.2d 136, 138 (Ky. 1976)) (other citation omitted).  As a result, the Court found summary judgment appropriate for the defendant manufacturer. *Id.* at \*7.

Here, the Plaintiff had the threshold obligation to produce evidence of negligence by Kroger and Stanley Access in manufacturing, designing, and maintaining the automatic doors, and evidence that such negligence caused Plaintiff's injuries. *Snider v. Wal-Mart Stores, Inc.*, 664 F. App'x 463, 465 (6th Cir. 2016).  Plaintiff needed to find an expert to look at the doors to figure out what happened and "whether it could have been prevented with due care." *Id.*  Even then, Plaintiff would face the possibility that an expert would be unable to pinpoint the 'probable' cause of the alleged malfunction. *Shetler*, 2012 WL 3264937, at \*6.  However, Plaintiff has presented no evidence indicating that a malfunction occurred or that the doors were operating abnormally, causing his injuries. *Snider v. Wal-Mart Stores, Inc.*, No. 1:14-CV-097-GNS-HBB, 2016 WL 319878, at \*4 (W.D. Ky. Jan. 26, 2016).  Plaintiff cannot simply claim that some "mercurial defect" existed to create a genuine issue of material fact without expert support. *Id.* (citing *Williams v. Toyota Motor Sales, U.S.A.*, No. 2:11-CV-038-DCR, 2012 WL 176473, at \*3–\*5 (E.D. Ky. Jan. 20, 2012)).  The circumstantial evidence provided by Plaintiff would not lead a jury to conclude that the automatic doors were defective

as designed, manufactured, or maintained by either or both Defendants and that was a 'probable' cause of Plaintiff's injuries. *Id.* Kroger and SAT are entitled to summary judgment on the negligence claims.

**C.      Plaintiff failed to identify an expert witness to support his strict liability claim against Stanley Access.**

Plaintiff has also brought a strict liability claim against SAT, alleging that "[t]he automatic sliding doors, as manufactured and installed by Defendant SAT, were defective and unreasonably dangerous . . . ." [R. 1-1 ¶ 19]  SAT moved for summary judgment because Plaintiff has failed to identify an expert witness to support his claims. [R. 81-1 p. 5]

Kentucky law states that all products liability actions, "regardless of whether the case involves failure to adequately warn, defective design, or other products liability theories, [require proof that] the product is defective." *Leslie v. Cincinnati Sub-Zero Prods., Inc.*, 961 S.W.2d 799, 803–04 (Ky. Ct. App. 1998) (internal citation omitted).  Expert testimony is essential to establish the existence of a defect that is outside the general knowledge of a lay person. *Toyota Motor Sales*, 2012 WL 176473, at *4; *see also Honaker v. Innova, Inc.*, No. 1:04-CV-132(M), 2007 WL 1217744, at *2 (W.D. Ky. Apr. 23, 2007) ("Expert testimony is almost always needed to meet the plaintiff's burden in a products liability case.").  A jury cannot speculate that a product is defective "simply because an unusual or unexplained event has occurred." *Thomas v. Manchester Tank & Equip. Corp.*, No. 3:03-CV-705-H, 2005 WL 3673118, at *2 (W.D. Ky. May 13, 2005); *see also Stevens v. Keller Ladders*, 1 F. App'x 452, 458 (6th Cir. 2001).

As discussed above, the technical nature of an automatic door is outside the general knowledge of a lay person. *Snider*, 2016 WL 319878, at *4.  Automatic door design and safety is the type of specialized knowledge that is only within the purview of a qualified expert. *Id.*

Without an expert to establish a defect or causation related to the automatic doors, Plaintiff relies solely on circumstantial evidence. However,

> [w]here an incident could result from more than one cause, plaintiff tips the balance from possibility to probability only by ruling out other theories of causation: Where an injury may as reasonably be attributed to a cause that will excuse the defendant as to a cause that will subject it to liability, no recovery can be had.

*In re Beverly Hills Fire Litig.,* 695 F.2d 207, 219 (6th Cir. 1982) (alteration and formatting omitted) (quoting *Sutton's Adm'r v. Louisville & Nashville R.R.,* 181 S.W. 938, 940 (Ky. 1916)). Plaintiff has offered no expert testimony concerning his claims, and the circumstantial evidence submitted is insufficient to shift the likelihood of product defect from possibility to probability. At trial, the jury would be left to speculate whether the doors malfunctioned, whether the malfunction was caused by a defect, whether the doors were properly maintained, and a welter of other possibilities. *Honaker*, 2007 WL 1217744, at *2; *see also Greene v. B.F. Goodrich Avionics Sys., Inc.*, 409 F.3d 784, 793 (6th Cir. 2005) (citing *Midwestern V.W. Corp. v. Ringley*, 503 S.W.2d 745, 747 (Ky. 1973)) (noting that evidence that induces mere "speculation, supposition, or surmise" does not establish a defect or causation). Because Plaintiff is unable to isolate a defect or cause, what actually occurred is left unexplained and to the jury's imagination. *Manchester Tank*, 2005 WL 3673118, at *2–*3 (internal citations omitted).

Plaintiff has not met his burden of producing specific facts showing a genuine issue for trial concerning an identifiable defect or causation related to the automatic doors. Defendant Stanley Access is entitled to summary judgment on the strict liability claim.

## IV.     Conclusion

For the reasons discussed above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1.  Kroger's Motion for Summary Judgment [**R. 80**] is **GRANTED**.

2.  SAT's Motion for Summary Judgment [**R. 81**] is **GRANTED**.

3.  Kroger's Motion in Limine [**R. 87**] is **DENIED as moot**.

4.  Fields' Motion in Limine [**R. 97**] is **DENIED as moot**.

5.  The Court shall enter a separate judgment.

This the 13th day of February, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY